LASC, Northwest District
Case No.: LC097042

*REMAND/MADE JS-6*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3811-GW(JCGx) | Date | September 5, 2012 |
|---|---|---|---|
| Title | Carlos Merchan, et al., v. Federal Home Loan Mortgage Corporation, et al., | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 27, 2012, the Court dismissed defendant Federal Home Loan Mortgage Corporation ("FHLMC") from this action, with prejudice. *See* Docket No. 16; *see also* Docket No. 15. The Court ordered the remaining parties to file papers addressing whether there was some other basis for this Court's subject matter jurisdiction and whether a removal from state court on that basis would have been timely in this action. The Court indicated that it would decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if supplemental jurisdiction was the only other basis for this Court's continued jurisdiction over the action, leading to a remand of the case to state court.

On July 6, 2012, defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems (collectively "Defendants") responded to the Court's June 27 order, arguing that CitiMortgage could have removed the action based upon the third cause of action in the Complaint, which is for "breach of contract." *See* Docket No. 17. Defendants argue that the third claim is "in substance a claim for violation of the federal Home Affordable Modification Program ('HAMP'), based on Plaintiffs' allegation that 'CitiMortgage is to apply the Treasury Department's HAMP criteria to Defendant CitiMortgage's loans, which specifically include Plaintiff's Loan and to which the Plaintiffs are a third party beneficiary [sic].'" *Id.* at 2:16-20 (citing Complaint ¶ 66). They assert that the claim presents a "substantial federal question," giving rise to this Court's subject matter jurisdiction. Defendants argue that the claim is meritless and that there would be no private right of action in any event, but that those considerations do not mean that subject matter jurisdiction is lacking or that removal would be improper based on the HAMP allegations.

From a review of the allegations in the third claim for relief, it does not appear that any interpretation of HAMP is necessary to the success or failure of the claim. Instead, it appears that the

| | : | |
|---|---|---|
| Initials of Preparer | JG | |

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3811-GW(JCGx) | Date | September 5, 2012 |
|---|---|---|---|
| Title | Carlos Merchan, et al., v. Federal Home Loan Mortgage Corporation, et al., | | |

only issue is whether CitiMortgage's alleged agreement with FHLMC obligated CitiMortgage to have suspended a pending foreclosure proceeding involving the plaintiffs "until the Plaintiffs' application for modification of their Loan was completed under HAMP." Complaint ¶ 67. CitiMortgage allegedly breached the terms of its agreement with FHLMC (as to which plaintiffs assert they are third-party beneficiaries) "by proceeding with the foreclosure sale of the Property[] while Plaintiffs' application for a modification of their Loan was pending under HAMP." This reads as a straight-forward state-law breach of contract claim. There is no apparent reason why the Court would have to resolve any questions, much less any "substantial federal question," under HAMP in order to render a decision on the claim. If CitiMortgage intends to *defend* against the claim by virtue of an argument that it had completed its obligations under HAMP, that defense could not give rise to federal jurisdiction under the "well-pleaded complaint" rule. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 839 (9th Cir. 2004).

Moreover, district courts within the Ninth Circuit appear to be universal in their view that allegations turning upon alleged HAMP violations do not give rise to federal jurisdiction under the "substantial federal question" variant of federal question/"arising under" jurisdiction. *See, e.g.*, *Akil v. Carrington Mortg. Servs., LLC*, No. 2:12-cv-01225-GEB-KJN, 2012 U.S. Dist. LEXIS 110351, *3 (E.D. Cal. Aug. 6, 2012); *Fischer v. GMAC Mortg. LLC*, No. CV 12-03843 GAF (JCGx), 2012 U.S. Dist. LEXIS 90721, *7-11 (C.D. Cal. June 27, 2012); *De Long v. Bank of Am., N.A.*, No. 11-CV-06388-LHK, 2012 U.S. Dist. LEXIS 59458, *9-11 (N.D. Cal. Apr. 27, 2012); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674-76 (9th Cir. 2012); *Garduno v. Nat'l Bank of Ariz.*, 738 F.Supp.2d 1004, 1009-10 (D. Ariz. 2010). Therefore, even if the Court concluded that an issue under HAMP was present in the breach of contract claim, it still would not give rise to this Court's jurisdiction.

For the above-mentioned reasons, the Court concludes that, in the absence of FHLMC as a party, the Court has no continuing basis for jurisdiction, with the possible exception of supplemental jurisdiction. To the extent this Court's supplemental jurisdiction is implicated, the Court declines to maintain supplemental jurisdiction over the remaining claims, given FHLMC's dismissal. *See* 28 U.S.C. § 1367(c)(3). The Court therefore remands the case to Los Angeles County Superior Court.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

:

Initials of Preparer  JG